William R. Brennan, Jb., J.
G-eorge Pedrick, a classified civil servant, seeks by this article 78 proceeding to annul certain determinations of the Huntington Town Board which abolished the job he held and transferred him to another position at reduced compensation.
Mr. Pedrick was provisionally appointed to the position of senior clerk in the Supervisor’s office, in May, 1956, and in September, 1957, his status became permanent. In December, 1958, the Suffolk Civil Service Commission authorized the creation in that office of the position of principal clerk, and in January, 1959, Pedrick was appointed provisionally to that higher position. It does not appear whether anyone was appointed to the position of senior clerk which Pedrick left in order to take the promotion or whether the position was left unoccupied as insurance against the unlikely event that the provisional appointment would not work out. Later events would indicate that it did in fact remain vacant, although it might have been abolished since in November, 1959 the commission, having adopted a comprehensive classification plan, passed a further resolution which in effect reduced Mr. Pedrick’s permanent title of senior clerk to the lesser title of intermediate clerk while he was still provisionally occupying the exalted title of principal clerk.
Mr. Pedrick, it might be noted, is also an elected committeeman and zone leader of the Republican party, and in November, 1959, it can be judicially noticed, the Democratic-Fusion candidates for executive and legislative office in the Town of Huntington were, in the majority, successful in the election.
On January 1, 1960, when the new administration occupied town hall, the Town Board, as one of its first orders of business removed Mr. Pedrick from his provisional post as principal clerk, and, resurrecting the position of senior clerk from its limbo of uncertainty, appointed him to that job. The picture was completed on June 23,1960, when the Town Board abolished the office of senior clerk, transferred Pedrick to the office of the Assessor as an intermediate clerk and appointed another person provisionally to the office of principal clerk in the Supervisor’s office. Thus Mr. Pedrick, who was earning $5,540 as a principal clerk and $5,505 as a senior clerk will, if the board’s action is upheld, be earning $3,460 per annum as an intermediate clerk.
There is no doubt that the Town Board had the unfettered power to remove Mr. Pedrick from his provisional position as principal clerk (Matter of Benon v. La Guardia, 285 N. Y. 560; Matter of Riggi v. Blessing, 9 A D 2d 423). Nor is it argued or suggested that the board’s subsequent provisional appointment *1068 of another person to the office of principal clerk was illegal or improper notwithstanding the fact that Mr. Pedrick had, subsequent to his removal as principal clerk, passed the competitive examination for that position. No evidence has been submitted to the court demonstrating how many persons were on that eligible list, nor could such information assist the petitioner in this proceeding since even a subsequent illegal provisional appointment would not enure to his benefit (Matter of Riggi v. Blessing, supra). Nor does the petitioner directly attack the action of the Civil Service Commission downgrading his permanent position as senior clerk to that of the intermediate clerk. Such an attack would, in any event, be unavailing, since more than four months has elapsed since that action became binding and final (Civ. Prac. Act, § 1286; Matter of Merlino v. Conway, 273 App. Div. 1047). Consequently, the only actions subject to review here are the resolutions of June 23, abolishing the position of senior clerk and transferring Mr. Pedrick to the office of intermediate clerk in the Assessor’s office. In this connection, much argument has been advanced concerning political motivation and bad faith on the part of the Town Board, and, if the abolition and transfer above referred to had the effect of depriving petitioner of a valuable and vested right, the petition would perhaps be sufficient to create a factual question of good faith which would require a hearing (see Matter of Adams v. McKenzie, 265 App. Div. 170). The difficulty here is that the position of senior clerk which was abolished on June 23 had already been downgraded, and not by the Town Board, but by the Civil Service Commission which has not been subjected in the slightest degree to the “ political motivation ” attack. (The commission’s action, it may be noted, occurred at a time prior to the advent of the new administration.) Consequently when Pedrick was appointed senior clerk on January 1, 1960, the appointment was either illegal (N. Y. Const., art. V, § 6; Civil Service Law, § 20) because the position had been abolished by the previous act of downgrading, or provisional (Civil Service Law, §§ 40, 65), because made in a higher grade than his permanent grade, without examination. In neither event would he have any tenure, or any vested right in that position (Matter of Daub v. Coupe, 9 A D 2d 260). Mr. Pedrick’s grievance therefore lies with the Civil Service Commission which downgraded his permanent status and, as noted above, the court is powerless to review that act in this proceeding (see, also, Hotaling v. Hurd, 4 AD 2d 339, affd. 4 N Y 2d 979).
Another point remains. In transferring petitioner to the office of the Assessor as an intermediate clerk, the Town Board *1069 fixed ids animal salary at $3,460, the minimum salary for that grade. This was improper, since petitioner was in his fifth year of service and under the salary increment plan which the Town Board adopted on December 17,1957, he was entitled to be transferred to the highest increment in the lower grade, and therefore to receive an annual salary of $4,310. The board is directed to amend its resolution accordingly and the determinations of the board are otherwise confirmed. The motion to strike is dismissed as moot.